IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CV-483-FL

| | | |
|---|---|---|
| RE/MAX, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SENSATIONAL REALTY, INC. and | ) | |
| GLEN A. FREDERICH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court for scheduling, upon plaintiff's Rule 26(f) report (DE #20), to which defendants Sensational Realty, Inc. ("Sensational Realty") and Glen Frederich ("Frederich") filed a brief response (DE #22). Also before the court are a number of pending motions, including defendants' motion to appoint counsel (DE #17), defendants' motion to dismiss (DE #17), defendants' motion for a change of venue (DE #17), and defendants' motion for a hearing (DE #21). Also before the court is plaintiff's motion to strike defendants' answer to complaint and motion to strike defendants' motion for change of venue (DE #18). These matters are ripe for review. The disposition of these motions is set forth in conclusion of this order.

## STATEMENT OF THE CASE

Plaintiff is a limited liability company that provides real estate brokerage services through a network of franchisees and affiliated independent contractors or sales associates who are authorized to use the RE/MAX trademarks in connection with providing the real estate brokerage services. Sensational Realty is a North Carolina business entity in the business of providing real

estate services. Frederich is the founder and principal of Sensational Realty. This action arises out of defendants' use of signage which plaintiff alleges is confusingly similar to plaintiffs' signage.

The complaint states four causes of action: (1) a claim for trademark infringement, in violation of 15 U.S.C. § 1114(1); (2) a claim for unfair competition, in violation of 15 U.S.C. § 1125(a); (3) a claim for violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1; and (4) a claim for trademark infringement and unfair competition under North Carolina common law. The court has jurisdiction over the federal claims pursuant to 15 U.S.C. § 1121, and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

Counsel for defendants moved to withdraw on February 2, 2011, which request was subsequently allowed by the court. Defendants, appearing *pro se*, filed answer to complaint on February 9, 2011.

## DISCUSSION

A.  Motion to Appoint Counsel

Defendants request court appointed counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individual bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), <u>abrogated on other grounds by</u> Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989).

The case does not appear overly complex. In support of their request for counsel, defendants assert only that they are financially unable to retain counsel to provide a defense in this matter. Defendants have not demonstrated the existence of circumstances which would compel the conclusion that this action is sufficiently exceptional as to justify the appointment of counsel.

Accordingly, defendants' motion to appoint counsel is DENIED.

B.   Motion for Change of Venue

Plaintiff has alleged, and defendants have admitted, that venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391. Defendants' motion for change of venue specifically requests "that the court action location of the trial and any proceedings be relocated to a Wake County Courthouse so as not to cause additional financial burden . . .." (Mot., 2)

To the extent that defendants' request might be construed as a request to transfer the case to a state court in Wake County, for example, Wake County Superior Court, such request is denied where plaintiff has properly invoked federal jurisdiction over the matter. Otherwise, the court notes that the matter is currently pending in the Eastern District of North Carolina, which encompasses Wake County. To the extent that defendants do not seek a change of venue, but request that certain proceedings be held at the Terry Sanford Federal Building in Raleigh, North Carolina, those requests may be taken up and considered more particularly at the time of scheduling.

Defendants' motion for change of venue is DENIED. Plaintiff's motion to strike the motion for change of venue (DE #18) is DENIED AS MOOT.

C.   Motion to Strike Answer

Plaintiff moves to strike defendants' *pro se* answer. Specifically, plaintiff moves to strike the answer as to Sensational Realty only, arguing that because a business entity may not appear in

3

federal court except through licensed counsel, the answer must be stricken as to the entity defendant. Plaintiff does not seek to strike the answer as to Frederich.

Although individual litigants such as Frederich are generally free to represent themselves, the law is well-established that business entities cannot appear *pro se*. Gilley v. Shoffner, 345 F.Supp.2d 563, 566-67 (M.D.N.C. 2004). The court notes there appears some confusion as to the precise nature of the Sensational Realty entity, as defendants describe Sensational Realty both as a limited liability company and as a subchapter S corporation. However, it is well-settled that business entities, including both corporations and limited liability companies, may not appear in federal court except through a licensed attorney. Gilley, 345 F.Supp.2d at 566. Accordingly, Sensational Realty may not represent itself in this matter.

The Fourth Circuit has previously affirmed the rejection of a *pro se* corporate defendant's answer. See Allied Colloids, Inc. v. Jadair, Inc., 139 F.3d 887 (table), 1998 WL 112719, at *1 (4th Cir. 1998). Accordingly, plaintiff's motion to strike the answer as to Sensational Realty is GRANTED, and the answer as to Sensational Realty is STRICKEN.

The court in its initial order, dated February 15, 2011, informed Sensational Realty that it may not proceed without counsel and accordingly instructed Sensational Realty to secure counsel prior to proceeding further. Several weeks having now passed, the docket does not reflect appearance of counsel on behalf of Sensational Realty. Sensational Realty is now ORDERED to retain counsel, to be signaled to the court through counsel's proper filing of a notice of appearance, no later than **fourteen days** from date of entry of this order. If counsel is not timely retained, plaintiff will be directed to proceed pursuant to Rule 55 to reduce the matter to judgment as to Sensational Realty.

4

Case 5:10-cv-00483-FL   Document 23   Filed 04/11/11   Page 4 of 17

D.  Motion for Hearing

Defendants' motion for hearing specifically requests "that the courts do not consider or execute a motion to strike order until both parties . . . have an opportunity to come before [the court] for an initial appearance regarding this matter." (Mot. for Hr'g, 1) The court interprets defendants' motion as requesting a hearing on plaintiff's motion to strike. Local Civil Rule 7.1(i) provides that "hearings on motions may be ordered by the court in its discretion," but that "unless so ordered, motions shall be determined without a hearing." In the court's discretion, a hearing on plaintiff's motion to strike is not warranted where plaintiff's motion is based on a well-established point of law and clearly is meritorious. Defendants' motion for hearing is accordingly DENIED.

E.  Motion to Dismiss

The final motion pending before the court is defendants' motion to dismiss. Defendants do not specify the rule under which they seek dismissal of the action, but the court construes the motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of their motion to dismiss, defendants submitted an exhibit presenting a "new sign design." Specifically:

> [D]efendant requests the court . . . review the documentation . . . and determine that there is no ground for continued court action by the plaintiff and move to dismiss all charges against the defendant. The defendant submits that there is absolutely no base for allegations of infringement violations with their new sign design.

(Mot., 2)

The court notes again that Sensational Realty may not appear *pro se* in this matter. Therefore, just as the purported answer as to Sensational Realty was stricken, so to shall be the motion to dismiss. The motion to dismiss is accordingly STRICKEN as to Sensational Realty.

5

As to Frederich, the motion is DENIED without prejudice. The court notes primarily that a Rule 12(b)(6) motion is not the proper vehicle for the arguments made, which would be more appropriately raised in a motion for summary judgment.[1] The motion is denied without prejudice, however, given the liberal standard afforded to *pro se* litigants. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). Denial without prejudice will afford Frederich the opportunity to raise argument at a later date in more appropriate form, perhaps jointly with Sensational Realty with benefit of counsel.

## SCHEDULING

Pursuant to Federal Rule of Civil Procedure 26(f), the parties conferred by telephone on March 1, 2011, with plaintiff appearing through counsel Matthew Ladenheim, and with Frederich representing himself *pro se*. Sensational Realty is not currently represented by counsel. After reviewing the Rule 26(f) report filed by plaintiff March 14, 2011, and the response filed by Frederich March 15, 2011, the court orders the following:

**A.  Discovery**

1. The parties shall exchange by **April 15, 2011**, the information required by Federal Rule of Civil Procedure 26(a)(1).

2. Discovery will be necessary on the following subjects: All claims and defenses raised

---

[1] "The purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3d ed. 2004). In a motion pursuant to Rule 12(b)(6), "the movant merely is asserting that the pleading to which the motion is directed does not sufficiently state a claim for relief." Id., at § 2713. Frederich's arguments do not address the sufficiency of the complaint's allegations.

Frederich's arguments would more appropriately be raised in a motion for summary judgment pursuant to Rule 56, which "typically is based on the pleadings as well as any affidavits, depositions, and other forms of evidence relevant to the merits of the challenged claim or defense. . ." Id. "The movant under Rule 56 is asserting that on the basis of the record as it then exists, there is no genuine issue as to any material fact so that the movant is entitled to a judgment on the merits as a matter of law." Id.

6

in the pleadings.

3. All discovery shall be commenced or served in time to be completed by **November 1, 2011.**

4. The following discovery issue(s) were raised by one or more of the parties: The parties raised no specific anticipated discovery problems; however, plaintiff submits that the parties likely will seek a protective order.

5. No party shall serve more than **twenty (20)** interrogatories, including all discrete subparts, to any other party. Responses are due **thirty (30)** days after service of those interrogatories.

6. No party shall serve more than **twenty (20)** requests for admissions to any other party. Responses are due **thirty (30)** days after service of those requests for admissions.

7. There shall be no more than **six** depositions by plaintiff and **six** by defendant.

8. Each deposition shall be limited to **seven** hours, unless otherwise agreed by the parties.

9. Disclosures required by Federal Rule of Civil Procedure 26(a)(2), including reports from retained experts, shall be served by the party with the burden of proof by **August 1, 2011**, and responsive disclosures shall be served by **September 1, 2011**. The parties shall serve any objections to such disclosures, other than objections pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) or similar case law, **within fourteen (14) days** after service of the

7

disclosures upon them. These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications). These objections need not extend to the admissibility of the expert's proposed testimony. If such technical objections are served, counsel shall confer or make a reasonable effort to confer before filing any motion based on those objections.

10. Supplementations of disclosures under Federal Rule of Civil Procedure 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **September 22, 2011**. The supplemental disclosures served forty (40) days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial other than solely for impeachment. The rationale for the mandatory supplemental disclosures forty (40) days before the discovery deadline is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) pretrial disclosures that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. See Fed. R. Civ. P. 37(c)(1).

11. To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. See Fed. R. Civ. P. 29. Nor does this apply to modifying the requirements of Federal Rule of Civil Procedure 26(a)(2) concerning experts' reports.

12. Discovery in this case may be governed by a protective order. If the parties disagree concerning the need for, and/or the scope or form of, a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum. If the parties agree concerning the need for and scope and form of a protective order, their counsel shall confer and then submit a jointly proposed protective order as soon as is practicable.

   a. A jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause for issuance of the protective order pursuant to Federal Rule of Civil Procedure 26(c).

   b. Any proposed protective order shall set out the procedure for filing under seal confidential documents, things, and/or information, pursuant to the requirements of Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-181 (4th Cir. 1988). Specifically, a proposed protective order shall include the following language: "Each time a party seeks to file under

seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court."

    c.    Before ruling on any motion to seal the court will give the public notice of the motion and a reasonable opportunity to challenge it. While individual notice is unwarranted, the court will docket the motion reasonably in advance of deciding the issue, or, where applicable, the court will notify persons present in courtroom proceedings of the motion. The court will rule favorably upon any motion to seal only after carefully weighing the interest advanced by the movant and those interests favoring public access to judicial documents and records, and only upon finding that the interests advanced by the movant override any constitutional or common law right of public access which may

attach to the documents, things, and/or information at issue.

    d.      The parties are directed to Section T of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available online at http://www.nced.uscourts.gov/PDF_files/PolicyManual.pdf, for information regarding how to file and serve sealed documents through the court's Case Management / Electronic Case Filing system ("CM/ECF").

**B. Motions**

1. Any motion requesting relief shall be accompanied at time of filing with a proposed form of order, stating its requested relief.

2. Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **June 15, 2011**.

3. Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief may be granted shall be filed by **June 15, 2011**.

4. All other potentially dispositive motions shall be filed by **December 1, 2011**. All motions to exclude testimony of expert witnesses pursuant to Federal Rules of Evidence 702, 703, or 705, Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

5. Any motion to compel discovery shall be filed and served **within 30 days** of the act or omission in discovery complained of, after good faith effort between the parties to resolve the matter, unless the time for filing such a motion is extended for good

cause shown. Prior to any filing, the complaining party shall convene a conference among the parties and this court by telephone through the office of Christa Baker, case manager, at (252) 638-7501. In the event of a discovery dispute of or relating to written discovery, the party convening the conference shall send via facsimile transmittal directed to the case manager at (252) 638-1529, the submissions in discovery most directly bearing on the particular dispute, for the court's review in advance of telephonic conference. Motions to compel filed after the deadline and/or without advance conference with the court, absent extenuating circumstances, summarily will be denied. Disputes in discovery which are reduced to writing, timely filed, and where conference with this court in advance of filing has been unable to resolve said dispute, ordinarily will be referred to a magistrate judge for ruling.

6. Any motion to continue must conform with the requirements set forth in Local Civil Rule 6.1, and also include a detailed statement as to the reason for the requested continuance or extension of time together with the proposed order. Continuances will be granted only upon showing of good cause, particularly focusing upon the evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

C. **Alternative Dispute Resolution ("ADR")**

1. A settlement procedure is required in virtually every case, to be conducted before the close of discovery if the case is automatically selected for mediation pursuant to Local Civil Rule 101.1a(b), or before the final pretrial conference if not automatically selected.

12

2. This case has been automatically selected for mediation. Reference is made to Local Civil Rule 101.1 *et. seq.* Pursuant to those rules, there shall be conducted a mediated settlement conference any time during the discovery period, as agreed by the parties. The parties shall provide joint letter with the court by **May 1, 2011**, identifying the mediator and date selected for mediation.

3. If at any time a settlement is reached, it shall be reported immediately to this court. The parties shall refer to Local Civil Rule 101.1e for their specific obligations.

**D. Other Matters**

1. The court has not scheduled an initial pretrial telephonic conference in this matter. Plaintiff does not request that such a conference be held prior to entry of the case management order. Frederich requests a conference; however, given the straightforward nature of the case, the court declines to hold a telephonic conference.

2. The court considered the following scheduling issue(s) presented by one or more of the parties: The parties present no scheduling issues bearing on the administration of this case at this time.

**E. Pretrial and Trial**

1. This case is set for a jury trial on the court's docket for that term of court beginning **May 21, 2012**, at the United States Courthouse, New Bern, North Carolina. The parties did not provide the court an estimate of anticipated trial length.

2. Pursuant to Federal Rule of Civil Procedure 16(e), a final pretrial conference will be scheduled before the undersigned at the United States Courthouse, New Bern, North Carolina at a date and time approximately two weeks in advance of trial pursuant to

notice of the clerk of court which shall issue approximately two months prior to the trial term. Each party appearing in this action shall be represented by the attorney who is to have charge of the conduct of the trial on behalf of such party.

3. At the final pretrial conference the court will:

   a. Rule upon any dispute concerning the contents of the final pretrial order. Local Civil Rule 16.1(d)(1).

   b. Rule upon any dispute where video depositions are to be used and the parties have been unable to reach agreement on editing. Local Civil Rule 16.1(b)(2).

   c. Rule upon motions relating to admissibility of evidence, to the extent possible in advance of trial. Where the evidentiary question or issue can be anticipated before the final pretrial conference, motion contemplated by Local Civil Rule 39.1(a), shall be filed **fourteen (14) days** prior to the final pretrial conference, thereby permitting sufficient time for any written response in advance of conference. Where the question or issue bearing on admissibility of evidence cannot reasonably be contemplated in advance of the final pretrial conference, any motion in limine must be filed not later than **seven days** prior to the start of the trial session. Local Civil Rule 39.1(a).

   d. Where trial of a matter involves a jury trial, discuss generally the nature of the parties' anticipated proposed jury instructions, to discern areas of agreement and disagreement. Proposed instructions are required to be filed after the conference, **seven days** prior to the start of the trial session. Local Civil Rule 51.1. Counsel also shall submit an electronic copy of said

14

proposed jury instructions to chambers, in WordPerfect format, at the following email address:

**proposedorders_nced@nced.uscourts.gov.**

e. Where trial of a matter involves a jury trial, consider proposed verdict form jointly required to be submitted by counsel to chambers (but not filed), together with the parties' pretrial order referenced in paragraph D below, **seven days** prior to the final pretrial conference, and where there is disagreement as to form, this jointly prepared submission shall disclose the basis for a party's objection and a proposed alternative verdict form. Counsel shall also submit an electronic copy of said documents to chambers, in WordPerfect format, at the following email address:

**proposedorders_nced@nced.uscourts.gov.**

f. Where this conference presents the final opportunity to prevent wasting trial time on pointless or undisputed matters, endeavor to streamline the trial, including but not limited to, where applicable, consideration of: bifurcation; presentation of non-critical testimony by deposition excerpts; stipulations as to the content of testimony; submission at bench trial of witnesses' testimony as narrative written statements, which can be received at trial in lieu of direct testimony subject to objections and cross-examination of witnesses; and qualification of experts by admitted resumes; and

g. Explore once more the opportunities for settlement.

4. Not later than **seven days** prior to the final pretrial conference, counsel shall submit

15

to chambers (but not file) the parties' proposed pretrial order. Local Civil Rule 16.1(b). This submission shall comply with the form specified in Local Civil Rule 16.1(c). Pursuant to Local Civil Rule 16.1(c)(3), and Federal Rule of Civil Procedure 26(a)(3), objections not disclosed in the pre-trial order are waived unless excused by the court for good cause. The parties shall submit at the beginning of the trial copies of all exhibits. Local Civil Rule 39.1(b).

5. In jury cases, the court will conduct the examination of jurors. Not later than **seven days** prior to the start of the trial session, counsel shall file a list of any voir dire questions counsel desires to ask the jury. Local Civil Rule 47.1(b). Failure to timely file proposed questions will be deemed a waiver of any supplemental inquiry.

6. In jury cases, a joint statement of the case will be read by the court to the prospective panel of jurors before commencement of voir dire. Counsel shall file a joint statement of the case not later than **seven days** prior to the start of the trial session. Unless the case is extremely complex, this statement, the purpose of which is to acquaint the jury with the nature of the case and to provide a basis for certain voir dire questions, should not exceed one paragraph.

7. Counsel are required to receive training on the evidence presentation system in the courtroom in advance of initial use. Counsel should review all related documentation appearing on the court's website, including information concerning formatting of evidentiary DVDs. Procedures are described for scheduling training in advance, as required, on system use generally, and for verifying compatibility of evidentiary DVDs in advance of presentation at hearing or trial.

This case management order shall not be modified except by leave of court upon a showing of good cause, and all requirements set forth in the court's Local Civil Rules governing pretrial and trial procedures not altered herein shall be strictly observed.

## CONCLUSION

In addition to the scheduling requirements set forth above, Sensational Realty is ORDERED to retain counsel to provide a defense in this matter within **fourteen days** of date of entry of this order. If no notice of appearance is reflected on the docket at that time, plaintiff will be directed to proceed according to Rule 55 to reduce the matter to judgment as to Sensational Realty.

Defendants' motion to appoint counsel (DE #17) is DENIED. Defendants' motion for change of venue (DE #17) is DENIED. Plaintiff's motion to strike (DE #18) is DENIED AS MOOT as to the motion for change of venue, but is GRANTED as to the purported answer by Sensational Realty. Defendants' motion for a hearing (DE #21) is DENIED. Defendants' motion to dismiss (DE #17) is STRICKEN as to Sensational Realty, and DENIED without prejudice as to Frederich.

SO ORDERED, this the 8th day of April, 2011.

LOUISE W. FLANAGAN
Chief United States District Court Judge